IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAHOGANY BOLDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-150-DWD |
| ) | |
| WALMART STORES, INC., and ) | |
| BEIERSDORF, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Plaintiff alleges injuries resulting from her use of "Nivea Skin Firming Hydration Body Lotion" (the "lotion" or "product") which is manufactured by Defendant Beiersdorf, Inc. and sold by Defendant Walmart Stores, Inc.  Now before the Court are four pending motions filed by the parties: Plaintiff's First Motion for Leave to File Amended Complaint (Doc. 78), Defendants' Motion to Strike Plaintiff's Motion for Leave (Doc. 82), Defendants' Motion for Leave to File Under Seal (Doc. 83), and Defendants' Motion for Extension of Time to Disclose Experts (Doc. 86).

## Background

Defendants removed this action to this Court on February 7, 2020 (Doc. 1).  Plaintiff originally brought three counts against Defendants for negligence, strict liability, and willful and wanton misconduct premised on Defendants' sale of alleged unsafe, dangers, or defective lotion (Count I), alleged failure to test and/or supply appropriate warnings for its lotion (Count II), and a request for punitive damages for  alleged disregard for the

1

safety and wellbeing of its customers (Count III). This matter was reassigned to the undersigned in October 2020 (Doc. 28).

Since October 2020, the parties have engaged in numerous discovery disputes requiring the Court's intervention. Following the parties' most recent hearing on their discovery issues, held on March 2, 2021, the Court described counsels' approach to discovery as "unyielding" (Doc. 72). Despite nearly 15-months of litigation in this Court, and 7 months before the undersigned, the parties have made relatively little progress in moving this case past discovery issues. Several discovery extensions have been granted in this matter. The current discovery deadline is set for June 8, 2021. While both parties inevitably blame the other for these delays, the Court notes that some of these extensions were joint requests, and the others largely resulted from the parties' ongoing discovery disputes, most of which required specific rulings from this Court in order to yield any progress. The current motions before the Court do not all involve discovery issues, however, the parties' counsels have again used these briefing opportunities to cloud the record with their ongoing grievances concerning discovery and their dislike of their adversary's conduct. Therefore, the Court finds it appropriate to comment on the parties' prior behavior as it provides necessary context to this current dispute.

## The Pending Motions

*A. Plaintiff's Motion for Leave to File Amended Complaint*

On March 24, 2021, Plaintiff filed her Motion for Leave seeking to file an amended complaint to add a count for breach of implied warranty against Defendants (Doc. 78). Plaintiff submitted a proposed amended complaint to the Court for review on March 24,

2021 with this additional count. On April 7, 2021, Defendants filed their Response (Doc. 79) opposing the motion for leave, arguing that Plaintiff's request, made nearly 15 months after filing this action, is untimely, prejudicial, futile, and dilatory. Plaintiff replied (Doc. 80) on April 15, 2021.

With her Reply, Plaintiff – for the first time – requested leave to add another additional count for alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq.* ("ICFA") (Doc. 80, p. 5). Plaintiff submitted another proposed amended complaint to the Court for review on April 16, 2021. This proposed amended complaint contains new counts for breach of implied warranty (Count IV) and violations of the ICFA (Count V). In an email correspondence to the Court dated April 19, 2021, Plaintiff's counsel informed the Court that Defendants' counsel objected to Plaintiff submitting this second proposed amended complaint and noting that Defendants requested an opportunity to respond to this additional request for a new ICFA claim.

### B. *Defendants' Motion to Strike Plaintiff's Motion for Leave*

On April 27, 2021, Defendants filed a Motion to Strike, or in the alternative Motion for Leave to file a Supplement to their Response at Doc. 78 (Doc. 82). Defendants' Motion (Doc. 82) memorialized their objection to Plaintiff's second proposed amended complaint and the addition of a new ICFA count in writing. Defendants argue that, in addition to all of the issues they raised in their Response at Doc. 78, that a new count under the ICFA is improper because the claim is barred by the Act's three (3) year statute of limitations, s*ee* 815 ILCS § 505/10a(e), and further unsupported by the evidence in this matter.

3

Defendants submitted a proposed Supplemental Response to Plaintiff's Motion for Leave to the Court via email for review.  Defendants resubmitted the proposed Supplemental Response to the Court via email on May 10, 2021.  Plaintiff responded to this Motion to Strike on May 7, 2021 (Doc. 85).  Plaintiff argues that Defendants' late response in producing documents, which Plaintiff claims to have received in April 2021, supply the basis for her seeking to add an additional ICFA count at this time.

    *C.  Defendants' Motion for Leave to File Exhibits Under Seal*

Also, on April 27, 2021, Defendants filed a Motion for Leave (Doc. 83) to file certain exhibits to their proposed Supplemental Response to Plaintiff's Motion for Leave under seal.  Specifically, Defendants seek to file three exhibits to their proposed Supplemental Response under seal in accordance with the Court's Protective Order in this matter, which include an opinion of Plaintiff's expert, Defendants' clinical studies, and a deposition transcript of witness Mr. Volpe.  The proposed exhibits were emailed to the Court along with Defendants' proposed Supplemental Response on April 27, 2021 and May 10, 2021.  On May 5, 2021, Plaintiff filed her Response (Doc. 84) to Defendants' Motion for Leave.  Plaintiff has no objection to Defendants' request to file the clinical studies under seal, but objects to Defendants' characterizations of these exhibits and the conclusions purportedly made from these exhibits.  Plaintiff further appears to ask this Court to make findings concerning the admissibility of the Mr. Volpe's deposition testimony and asks the Court to strike or disregard Mr. Volpe's cross examination testimony for the purposes of these motions.

*D. Defendants' Motion for Extension of Time*

Finally, on May 12, 2021, Defendants filed their Motion for Extension of Time (Doc. 86) asking for an extension of Defendants' current expert disclosure deadline of May 22, 2021. Defendants argue that they have made no progress in seeking an agreement for this extension from Plaintiff's counsel, and further represent that their ability to timely disclose their experts has been negatively impacted by the scheduling of Plaintiff's expert deposition. According to Defendants, Plaintiff's expert depositions are currently scheduled for May 19th and May 20th, and Defendants will need sufficient time to order deposition transcripts so to deliver the transcripts to Defendants' expert in order for Defendants' expert to finalize his opinions and report. Defendants request a 13-day extension of their current deadline, but also highlight that this extension would prove burdensome and more expensive than a longer extension. Defendants also submit approximately 18-pages of email correspondence between the attorneys in this matter. A review of this correspondence confirms that counsel do not communicate productively with each other and continue to disagree on almost everything in this matter, including scheduling issues.

## **Discussion**

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. As Defendants have filed responsive pleadings in this matter, and Defendants do not consent to Plaintiff's request, Plaintiff must seek to amend her complaint pursuant to Fed. R. Civ. P. 15(a)(2), which allows a party to "amend its pleading only with . . . the court's leave." The mandate that leave to amend "shall be

5

freely given when justice so requires . . . is to be heeded," and if "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test her claims on the merit." *Forman v. Davis*, 371 U.S. 178 (1962); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015). The decision to grant leave to further amend a complaint under Rule 15(a)(2) is within the sound discretion of the Court. *Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2008).

The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977); *Fuhrer v. Fuhrer*, 292 F.3d 140, 143 (7th Cir. 1961) ("Leave to amend should be freely given unless it appears to a certainty that plaintiff would not be entitled to any relief under any state of facts which could be proved in support of [her] claim. No matter how likely it may seem that a plaintiff may be unable to prove [her] case, [s]he is entitled, upon averring a claim to an opportunity to prove it.") (internal citations and quotations omitted). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). However, the rule does "not mandate that leave be granted in every case." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (internal citations omitted). Indeed, leave to amend may be denied for several reasons, including undue delay, bad faith, dilatory motive, undue prejudice to

6

the opposing party, and the futility of the amendment. *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 697 (7th Cir. 2004); *Guise v. BWM Mort., LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Here, the Court is not convinced that Plaintiff's Motion for Leave rises to undue delay, bad faith, or dilatory motive. As mentioned above, although this matter has been pending nearly 15-months, the parties have made relatively little progress in moving this case past discovery issues. Indeed, the Court's deadlines for discovery and dispositive motions have not yet passed. Defendants, while extensively briefing certain legal issues, have not filed any dispositive motions in this matter. The Court is certainly mindful of the ongoing delays in this matter, and the Court is not unsympathetic to Defendants' desire to curb any further continuances. However, the cause of the past delays cannot be solely attributed to Plaintiff. Further, the Seventh Circuit has cautioned, that delay, alone is not a sufficient ground for denial of a motion for leave. *See Airborne Beepers*, 499 F.3d at 667 ("we have found that delay must be coupled with some other reason."). Accordingly, the interests of deciding this matter on the merits outweigh any potential prejudice to Defendants or further delay that may occur by the filing of an amended complaint.

Defendants' arguments concerning the futility of the proposed amended counts require little consideration at this time. It is well-settled that the futility of an amended complaint is a proper ground to deny a party leave to amend. *See, e.g.*, *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002). "An amendment is futile when it 'merely restates the same facts using different language, or reasserts a claim previously

7

determined;' when it 'fails to state a valid theory of liability;' or when it 'could not withstand a motion to dismiss.'" *Villars v. Kubiatowski*, 128 F.Supp.3d 1039, 1043 (N.D. Ill. 2015) (citing *Bower v. Jones,* 978 F.2d 1004, 1008 (7th Cir.1992)).

Defendants argue, in part, that Plaintiff's proposed amendments, and particularly her new count for violations of the ICFA would be futile for at least two reasons: first, that the claim is barred under the ICFA's three year statute of limitations, and, secondly, because the claim is not supported by the evidence in this matter. Here, the parties dispute what the discovery documents produced in this matter purport to show. Indeed, both parties reference consumer complaints, deposition testimony, and clinical studies, that allegedly support their positions, and the futility or non-futility of Plaintiff's claims.

The Court finds it unnecessary to address the substance of these evidentiary disputes at this time. *See Fuhrer*, 292 F.3d at 143 ("No matter how likely it may seem that a plaintiff may be unable to prove [her] case, [s]he is entitled, upon averring a claim to an opportunity to prove it.") (internal citations and quotations omitted). In determining whether a proposed amended complaint is futile, the Court is not tasked with evaluating the credibility of witness testimony or resolving evidentiary questions. Instead, the Court reviews the proposed amended complaint, and construing the proposed factual allegations therein in Plaintiff's favor to determine whether "it appears to a certainty that plaintiff would not be entitled to any relief under any state of facts which could be proved in support of [her] claims." *Peterson Steels v. Seidmon*, 188 F.2d 193, 194-95 (7th Cir. 1951) ("As a general rule the court will not pass upon the sufficiency of an amended complaint upon motion for leave to file."); *see Austin v. Auto Handling Corp.*, 2020 WL 1429830, at *4

(N.D. Ind. Mar. 24, 2020 ("The substantive merits of a proposed claim are typically best left for later resolution, *e.g.*, under motions to dismiss for summary judgment.") (internal citations and markings omitted).

After reviewing Plaintiff's proposed amended complaint, the Court finds that granting leave for the amendment of the complaint is appropriate. While Defendants may well be correct in their assertions that the statute of limitations will defeat the new theories of recovery, the Court will not at this time foray into a deep analysis as to whether the request for leave to amend is futile on the basis of this potential affirmative defense.

Finally, while it was procedurally improper for Plaintiff to attempt to seek additional leave in her reply brief to file yet another proposed amended complaint, the Court will excuse such impropriety on this occasion. Specifically, the Court was fully advised of Defendants' objections, and Defendants were able to fully brief their opposition to Plaintiff's motion. To deny the pending motion for leave to amend solely because it on this procedural deficiency, would not be in the interest of justice.

Defendants' Motion to Strike (Doc. 82) is **GRANTED, in part, and DENIED, in part.** The Court will not strike Plaintiff's second proposed amended complaint emailed to the Court on April 16, 2021. However, the Court **GRANTS** Defendants' request to submit their Supplemental Response to Plaintiff's Motion for Leave to Amend. The Court has duly reviewed the Supplemental Response submitted to the Court via email in consideration with the above rulings. Defendants' Motion for Leave to File Under Seal

(Doc. 83) is also **GRANTED**. The Court has also reviewed the documents at subject in Defendants' Motion in consideration with the above rulings.

Lastly, Defendants' Motion for Extension of Time (Doc. 86) is **GRANTED**. The Court observes the looming discovery deadline in this matter, which is currently set for June 6, 2021. In the correspondence the Court has reviewed between counsels in this matter, it appears that both parties are actively working towards the completion of discovery by this deadline, but at relatively high costs. Specifically, the Court notes that Defendants have raised an issue of costs and additional burden in needing to request expedited transcripts in order to comply with its disclosure obligations before this deadline. Similarly, counsels voiced concerns of other obligations arising in the next three weeks, which makes the remaining discovery deadlines in this matter extremely "tight."

While normally such circumstances would not provide sufficient grounds for another continuance in this matter, in light of the repeated failures of counsels to reach amicable agreements without this Court's intervention, the Court will, *sue sponte*, extend the discovery deadline, dispositive motion deadline, final pretrial conference, and jury trial setting in this matter by approximately 60-days. The Court will issue a separate order detailing these new deadlines.

The Court strongly advises counsel to use this additional time to productively resolve all remaining discovery and scheduling issues without Court intervention. Counsel is once again reminded, that they are permitted to extend any deadline in this matter by agreement, so long as they do not alter the final discovery deadline, dispositive

10

motion deadline, or the settings for the final pre-trial conference and trial. In other words, the parties should think twice before filing motions to extend discovery deadlines that do not have any impact on the final discovery deadline set by the Court. Instead, the parties should work collegially to find an amiable solution that does not involve the Court's use of its limited resources to micromanage these relatively simple tasks. Hereafter, the want of civility and reasonableness, evidence of gamesmanship for its sake, and the failure to comply with the law regarding discovery practice will be not be favored by this Court, which is to say that sanctions may be employed to assure compliance.

## Conclusion

For the above stated reasons and finding no substantial ground for denying leave to amend, the Court hereby finds that the interests of justice require the granting of Plaintiff's motion for leave. Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint (Doc. 78). Plaintiff may file her amended complaint by **May 28, 2021**. Defendants may file their responsive pleadings by **June 11, 2021**.

Defendants' Motion to Strike (Doc. 82) is **GRANTED, in part, and DENIED, in part.** The Court will not strike Plaintiff's second proposed amended complaint emailed to the Court on April 16, 2021. However, the Court **GRANTS** Defendants' request to submit their Supplemental Response to Plaintiff's Motion for Leave to Amend. The Court has duly reviewed the Supplemental Response submitted to the Court via email in consideration with the above rulings. Defendants' Motion for Leave to File Under Seal (Doc. 83) is also **GRANTED**. The Court has also reviewed the documents at subject in Defendants' Motion in consideration with the above rulings.

11

Defendants' Motion for Extension of Time (Doc. 86) is **GRANTED**. Defendants may disclose their expert witness by **June 17, 2021,** unless otherwise agreed upon by the parties. In light of the forthcoming new discovery deadline that will be set in this matter, should the parties require additional time to complete their expert disclosures, the parties are **DIRECTED** to resolve these new disclosure deadlines without the Court's intervention. The Court will enter a separate order resetting the discovery deadline, dispositive motions deadline, final pretrial conference, and jury trial settings. The parties are further cautioned that any further extensions sought in this matter will only be granted for exigent circumstances.

**SO ORDERED.**

Dated:  May 14, 2021

_____
DAVID W. DUGAN
United States District Judge