U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| MAHOGANY BOLDEN,<br><br>                Plaintiff,<br><br>v.<br><br>BEIERSDORF, INC. and WALMART STORES, INC.,<br><br>                Defendants. | Case Number 3:20-cv-00150-DWD<br><br>Judge David W. Dugan |

## PLAINTIFFS' MEMORANDUM STATING OBJECTIONS TO DEFENDANT'S BILL OF COSTS

**I.  Costs Should be Denied or Reduced Due to Defendant's Actions and Plaintiffs' Limited Financial Means**

"Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). The trial court has discretion to deny costs where the prevailing party is guilty of misconduct worthy of a penalty or the losing party is unable to pay. *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997); *see also Cross v. General Motors Corp.*, 721 F.2d 1152, 1156 (8th Cir. 1983) (trial judge properly considered losing party's limited financial resources in reducing costs award); *In re Derailment Cases*, 417 F.3d 840, 845 (8th Cir. 2005) (trial court properly considered losing party's limited financial means); *Lampkins v. Thompson*, 337 F.3d 1009, 1017 (8th Cir.2003) (same). Because Defendant repeatedly violated the Court's scheduling orders resulting in additional costs, caused the need for the depositions it seeks to tax as costs, the Court should exercise its discretion and refuse to tax costs in Defendant's favor. More importantly, Plaintiff is a single mother of two children, one of whom is a special needs child who requires considerable medical treatment for which Plaintiff has no ability to pay (Ex. A). She has been

1

forced to apply for the State medical card for her child's medical bills (Ex. A). Plaintiff has had to resort to applying for financial aid (Liheap) to pay her utility bills (Ex. A). Plaintiff has incurred expenses in this case in an amount in excess of $12,000 that she cannot pay (Ex. A). Owing to Plaintiffs' indigence the Court should deny in its entirety Defendant's costs claim on that basis. The Defendant should be satisfied that it was granted summary judgment in Defendant's favor without the need to punish Plaintiff further with a costs bill that she has no ability to pay.

In this case Defendant has submitted grossly inflated charges for its costs so shown below. By way of example, it used a national reporting service, Magna, based in Philadelphia, that submitted a charge for "103" page deposition transcript of Dr. Love but the transcript, including the cover page, is only 89 pages. Compare Defendant's Exhibit A page 6 (Doc 130-1 p. 6) to the attached Ex. B. The entire transcript can be found at Doc 100-2. To add good measure, it then added an additional $.25 per page for exhibits. Magna cleverly concealed its inflated charges by attempting to bill for word index that local reporters provide at no cost. Compare Defendant's Exhibit A pages 3-5 for May Reporting invoices to the Magna invoice. Each of the 3 invoices from May Reporting, a reporting service hired by Plaintiff, did not charge for the word index. The transcripts are 188 page (Mr. Volpe), 99 pages (Ms. Perez Santos 4/26/21), and 124 pages (Ms. Perez Santos 12/7/20).  And as further proof of the corrupt billing practices of Magna, it forced Plaintiff to pay $3.55 per page for a *copy* of Plaintiff's deposition along with other add on charges (Ex. C). Notably, Defendant's reporter, Magna, charged Plaintiff more than twice the rate Plaintiff's local reporter charged Defendant for copies of transcripts. $3.55 per page vs. $1.75 per page. Compare Ex. C to Doc 130-1 pp 3-5.

In addition, Defendant repeatedly violated the Courts scheduling orders such that Plaintiffs were never able to complete the taking of Defendant's depositions despite multiple warning from the Court. See Doc. 70 Clearly such is worthy of a penalty barring an award for costs. *Contreras, supra.*

## II. Most of Defendant's Requested Costs Are Not Allowed by Rule 54 and 28 U.S.C. § 1920

The "costs" a court may award pursuant to Rule 54(d) are limited to those set forth in 28 U.S.C. § 1920. *Crawford*, 482 U.S. at 441–42. Plaintiff specifically objects to many of the items in Defendant's Bill of Costs because they are not allowed by 28 U.S.C. § 1920.

Many of Defendant's costs are not recoverable as they were taken for discovery purposes and/or were depositions of Defendant's own employees who were accessible to Defendant at any time. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 4:07-CV-1456CEJ, 2009 WL 214598, *1 (E.D. Mo. 2009) ("this Court denies defendant's requests for $874.50 in court reporter fees and deposition transcripts and $203.40 in costs of exemplification and copies because copies of depositions and of documents produced for discovery are not taxable as costs."); *Id.* ("Defendant seeks reimbursement of $874.50 in court reporter fees and deposition transcripts. However, defendant has failed to show that the deposition copies were made for any other purpose than its own convenience. In fact, the depositions taken were those of the defendant's own employees, who were accessible to defendant at any time. Therefore, this Court disallows these costs."). Here Mr. Volpe and Ms. Santos-Perez were and are Defendant's own employees just like in *Data Mfr., Inc.* The result should be the same.

Additionally, "Depositions taken 'solely for discovery are not taxable as costs, but if the depositions were actually introduced in evidence or used at trial for impeachment purposes, then

3

it is proper to conclude they were necessarily obtained for use in the case.'" *Frazier v. IBP, Inc.*, C97-0023, 1999 WL 33655745 (N.D. Iowa 1999) *aff'd sub nom. Frazier v. Iowa Beef Processors*, Inc., 200 F.3d 1190 (8th Cir. 2000), quoting *Marcoin, Inc. v. Edwin K. Williams & Co.*, 88 F.R.D. 588, 592 (E.D.Va.1980). None of the depositions were used at trial for impeachment purposes. Defendant has not demonstrated that any of the depositions for which it seeks costs were introduced in evidence or used at trial for impeachment purposes. Without that showing, none of the expenses associated with these depositions can be taxed.

Defendant's claim on this item is also objectionable because the court reporter bills Defendant has submitted show Defendant is attempting to tax as costs exhibits from two of the four deposition transcript invoices it submitted. *See* Doc. 130-1 pp 4, 6 (charges of $122.50 and $37.25 for exhibits). "Copies of deposition exhibits are not taxable costs where the party was already in possession of the exhibits prior to the taking of depositions." *Miles Farm Supply, LLC v. Helena Chem. Co.*, 4:06-CV-23-R, 2008 WL 4561574 (W.D. Ky. 2008), citing *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir.1998); *see also Cengr,* 135 F.3d at 456 ("Because Fusibond was already in possession of the deposition exhibits-plaintiff provided extra copies of the exhibits to defendant at the deposition and produced the same exhibits during discovery-we will not allow Fusibond to recover the costs of copying the 60 pages of exhibits."); *Nwaebube v. Employment Sec. Com'n of N. Carolina*, 5:09-CV-395-F, 2012 WL 3643667 (E.D.N.C. 2012), citing 28 U.S.C. § 1920(2); and a local rule ("Plaintiff contends that the costs associated with the E–Transcript and copies of the deposition exhibits are not taxable [D.E. 92]. Plaintiffs' objections are sustained."). Defendant's Bill of Costs does not establish what exhibits, if any, were not previously produced in discovery and/or were already in Defendant's possession. "Costs for transcript exhibits and condensed (or "mini") versions of a transcript are

only recoverable where the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel." *Castillo*, 2011 WL 1343051 at *2, citing *Woods v. DeAngelo Marine Exhaust, Inc.*, No. 08–81579, 2010 WL 4116571, at *8 (S.D.Fla. Sept. 27, 2010).

Counsel and parties are free to incur added expenses for their convenience and out of an abundance of caution. However, they cannot tax as costs to their opponent the expenses associated with these activities. *See also Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co.*, Case No. No. 6:08–cv–2165–Orl–28GJK, 2011 WL 5358548 (M.D. Fla. Oct. 17, 2011) ("Thus, the party seeking to tax the costs of copying deposition exhibits bears the burden of showing the necessity for the copies and that they were not made merely for counsel's convenience.").

If Defendant claims part of the transcript charges are for word indexes, such claim is also objectionable because it is seeking to tax as costs other items that are for the convenience of counsel. *See Parish v. Siemens Med. Solutions USA, Inc.*, 5:08-CV-622-BR, 2011 WL 1098966 (E.D.N.C. 2011), citing *Centennial Broadcasing, LLC v. AAF–McQuay, Inc.*, No. 5.–06–CV–82, 2008 WL 495656, at *1, n.3 (W.D.Va. Feb. 21, 2008) *Centennial Broadcasting, LLC v. Burns*, No. 6:06–CV–6, 2007 WL 1839736, at *2 (W.D.Va. June 22, 2007); *Southprint, Inc. v. H3, Inc.*, No. 4:02–CV–38, 2005 WL 3177627, at *3 (W.D.Va. Nov. 23, 2005) (unpublished) ("Defendant also requests costs for condensed transcripts, a word index, and a litigation-support disk. In general, fees associated with condensed versions of the transcripts, indices, ASCII discs, and e-transcripts are not taxable. "); *Nwaebube v. Employment Sec. Com'n of N. Carolina*, 5:09-CV-395-F, 2012 WL 3643667 (E.D.N.C. 2012), citing 28 U.S.C. § 1920(2); and a local rule ("Plaintiff contends that the costs associated with the E–Transcript and copies of the deposition exhibits are not taxable [D.E. 92]. Plaintiffs' objections are sustained."); *Giles v. Wyeth, Inc.,*

2007 U.S. Dist. LEXIS 74272 (S.D. Ill. 2007) (ASCII disks, e-transcripts and shipping and handling charges are properly excluded from taxable costs).

Defendant is also seeking to tax as costs shipping costs not related to the actual production of the transcript. *See* Doc. 130-1 pp. 6. These costs are not taxable. *See Alexander v. CIT Tech. Fin. Services, Inc.,* 222 F. Supp. 2d 1087, 1091 (N.D. Ill. 2002) *("…*postage costs are considered ordinary business expenses that may not be charged in relation to obtaining transcripts. *Rogers v. City of Chicago,* No. 00 C 2227, 2002 WL 423723, at *2 (N.D.Ill. Mar. 15, 2002)"; *Smith vs Tenet Healthsystem SI, Inc*. 436 F.3d 879, 889 (8th Cir. 2006) ("Smith should not have been taxed the delivery costs for these depositions."); *id.* (Section 1920 does not authorize the taxing of postage and delivery expenses).

## Conclusion

WHEREFORE, Plaintiff requests the Court not award Defendant any costs due to the above and due to Plaintiffs' financial circumstances. In the alternative, Plaintiffs urge this Court sustain Plaintiffs' objections as set forth herein, and disallow all objectionable costs identified by Defendant.

Respectfully submitted,

**WENDLER & ZINZILIETA, P.C.**

By: /s/ Brian M. Wendler
Brian M. Wendler, #6196124
Angie M. Zinzilieta, #6322894
Warren E. Benning # 6199169
900 Hillsboro Ave., Suite 10
Edwardsville, IL 62025
Ph: (618) 692-0011
Fax: (618) 692-0022
wendlerlawpc@gmail.com
*Attorneys for Plaintiff*

**Certificate of Service**

   I hereby certify that on July 6, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Jaclyn Kinkade
ARDC No. 6333722
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
jkinkade@cassiday.com