IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAHOGANY BOLDEN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 20-cv-150-DWD |
| | ) |
| BEIERSDORF, INC., | ) |
| | ) |
|       Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Mahogany Bolden brought this products liability action against Defendant Beiersdorf, Inc. related to her purchase and use of Defendant's lotion (Doc. 89). On March 23, 2022, the Court granted Defendant's motion for summary judgment (Doc. 128). On June 22, 2022, Defendant filed a Bill of Costs (Doc. 130). Plaintiff objected to the Bill of Costs (Doc. 132) and Defendant filed a response (Doc. 134). For the reasons detailed below, the Court will grant Defendant's Bill of Costs, in part, and over Plaintiff's objection.

## Legal Standard

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs – other than attorney's fees – should be allowed to the prevailing party" unless "a federal statute, these rules, or a court order provides otherwise." *See* Fed. R. Civ. P. 54(d)(1). Rule 54 creates a presumption in favor of the award of costs, and "the burden is on the non-prevailing party to overcome this presumption." *Rivera v. City of Chicago*, 469 F.3d 631,

634 (7th Cir. 2006); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). This presumption "is difficult to overcome, and the district court's discretion is narrowly confined–-the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945.  "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id.*

Although the prevailing party is presumptively entitled to costs, not all costs of litigation are recoverable.  *See Moultrie v. Penn Aluminum Int'l, LLC*, No. 11CV00500DRHPMF, 2014 WL 87830, at *2 (S.D. Ill. Jan. 9, 2014).  Recoverable costs include:

> (1) fees of the clerk and marshal;
> (2) fees for transcripts;
> (3) witness and printing fees and expenses;
> (4) fees for copies or papers necessarily obtained for use in the case;
> (5) docket fees; and
> (6) compensation for court-appointed experts and interpreters.

*See* 28 U.S.C. § 1920.

Further, taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable, and (2) whether the amount assessed is reasonable.  *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).  The party filing the bill of costs must also verify the claimed items by attaching an affidavit attesting "that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924.  Counsel for Defendant attached the required affidavit to the Bill of Costs (Doc. 130-2).

**Discussion**

Defendant seeks to recover $1,230.08 in costs, which represent the costs associated with four depositions, including:

| | |
|---|---|
| (1) 11-19-2020 Deposition of John Volpe | $329.00 |
| (2) 04-26-2021 Deposition of Laura Virginia Perez Santos | $295.75 |
| (3) 12-07-2020 Deposition of Laura Virginia Perez Santos | $217.00 |
| (4) 05-19-2021 Deposition of Dr. Porcia Bradford Love | $388.33 |
| **Total:** | **$1,230.08** |

(Doc. 130-1).

Defendant argues that these costs represent "fees for printed or electronically recorded transcripts necessarily obtained for use in this case" recoverable under 28 U.S.C. § 1920(2). Plaintiff objects to these costs on three grounds. First, she argues that she is indigent. Second, Plaintiff argues that Defendant's conduct throughout this litigation is worthy of a penalty barring costs. Finally, Plaintiff maintains that the costs are improper because they represent "grossly inflated charges", were used solely for discovery purposes, and included exhibits Defendant already had in its possession.

### A. Indigency

The indigency exception to Rule 54(d)(1) is "narrow" and "committed to the district court's discretion." *Lange v. City of Oconto*, 28 F.4th 825, 846 (7th Cir. 2022). In exercising this discretion, the court must perform a two-step analysis:

> First, the court must "make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future." *Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019) (internal quotation marks omitted) (quoting *Rivera*, 469 F.3d at 635). "The burden is on the losing party to provide the district court with sufficient

> documentation to support such a finding." *Id.* (quoting *Rivera*, 469 F.3d at 635).

> "Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case .... No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs."

*Id.* Plaintiff argues that she will not be able to repay Defendant's costs. In support she provides an unsworn, yet signed, declaration stating that she is a single mother with a limited income providing for two children, one with increased medical needs (Doc. 132-1). She also points to her large unpaid balance owed to her attorney in this matter (*Id.*).

The Court is sympathetic to Plaintiff's arguments; however, Plaintiff has not presented sufficient documentation for the Court to make the required findings of her indigency. As the Seventh Circuit recently confirmed, the losing party carries the burden of providing the court with "sufficient documentation" for the Court to make a threshold factual finding that the Plaintiff is "incapable of paying the court-imposed costs ***at this time or in the future.***" *Lange*, 28 F.4th at 846 (emphasis added). This documentation should include evidence in the form of an affidavit or "other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.* (quoting *Rivera*, 469 F.3d at 635 (holding that the district court abused its discretion in denying costs when plaintiff "did not provide the district court with a schedule of expenses and did not identify any basis for a finding that she will be incapable of paying [Defendant's] costs at some point in the future.")).

Plaintiff has not submitted sufficient documentation for the Court to evaluate her assets and expenses so to make this threshold finding of indigency. While Plaintiff's

4

unsworn declaration states she has a limited income, increased medical expenses, and a large debt owed to her attorney, Plaintiff failed to provide any supporting evidence of her income or a schedule of expenses.  Nor did Plaintiff provide any information on her assets.  Accordingly, Plaintiff has not met her burden of establishing indigency to overcome the presumption in favor of awarding costs.

However, in so ruling, the Court must clarify that it rejects Defendant's assertion that Plaintiff's litigation was frivolous (*See* Doc. 134, p. 2).  At no time did the Court make a finding of frivolity in this matter.  Indeed, Defendant's entire argument concerning Plaintiff's alleged knowledge of litigation risks was unbecoming and irrelevant to the matter at hand.

### B. *Defendant's Conduct*

Next, Plaintiff argues that Defendant's conduct throughout this litigation is worthy of a penalty barring costs.  A defining feature of this litigation was the attorneys' general animosity.  This is well-documented throughout the record and led to numerous discovery disputes (*See* Doc. 42; Doc. 51; Doc. 72; Doc. 87).  On various occasions, the Court commented on this behavior, including in its March 4, 2021 Order:

> The parties have had considerable problems in resolving discovery issues in this matter.  Since the case's reassignment in October 2020, the Court has held at least three hearings on these discovery disputes and has spent considerable resources in reviewing voluminous motions and responses on matters which the Court considers relatively simple.  The Court has further ordered the parties to meet and confer on at least three occasions, resulting in minimal success.  The Court would be remiss not to consider the impact these discovery delays are having in this matter and on the parties.  While strong advocacy may certainly be in the parties' best interest, the potential harm caused by their counsels' unyielding approach to discovery disputes is striking and runs counter to the spirit of Fed. R. Civ. P. 26 and 37.

(Doc. 72). Also, in its May 14, 2021 Order, the Court observed that "the parties' counsels have again used these briefing opportunities to cloud the record with their ongoing grievances concerning discovery and their dislike of their adversary's conduct." (Doc. 87). Nevertheless, the Court never attributed any delays caused by this behavior to one specific party. Thus, after considering the entire record, the Court declines to find that Defendant's conduct throughout this litigation is worthy of a bad faith penalty barring its entitlement to costs.

### C. Specific Objections

Finally, Plaintiff poses specific objections to the costs claimed, arguing generally that the costs are inflated, improper, or unnecessary. The Court will address each specific objection below.

### 1. Discovery Purposes

Plaintiff argues that the costs are not recoverable because the depositions were taken for discovery purposes. This argument is easily rejected. It is well established in the Seventh Circuit that charges for transcripts of depositions "reasonably necessary for use in the case" are recoverable even if those depositions are not used at trial *See, e.g. State of Ill. v. Sangamo Const. Co.*, 657 F.2d 855, 867 (7th Cir. 1981); *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985), *overruled by Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989) (7th Cir. 1989) (The "introduction of a deposition at trial is not a prerequisite for finding that it was necessary to take the deposition," as long as the deposition was not "purely investigative in nature.").

The four depositions at subject in Defendant's bill of costs represent depositions of Defendant's witnesses John Volpe and Laura Virginia Perez Santos, and Plaintiff's expert witness, Dr. Porcia Bradford Love. Defendant used these depositions in support of its motion for summary judgment, and the Court considered them in ruling on the motion (*See* Doc. 128). Thus, the Court declines to find that these costs claimed were unnecessary or unreasonable.

2. Defendant's Employees

Next, Plaintiff argues that the depositions of John Volpe and Santos-Perez were unnecessary because they represent depositions of Defendant's own employees who were accessible to Defendant at any time. This argument is also easily rejected. The relevant inquiry for taxability is whether the deposition was necessary and not merely made for a party's own convenience. *See, e.g.*, *Mother & Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003); *State of Ill.*, 657 F.2d at 867. This determination is made "in light of the facts known at the time of the deposition, without regard to intervening developments that render the deposition unneeded." *Mother and Father*, 338 F.3d at 712. Plaintiff argues that these employee depositions were taken for Defendant's own convenience and were not necessary. The Court disagrees. As mentioned above, Defendant used these depositions in support of its motion for summary judgment, and the Court considered them in ruling on the motion (*See* Doc. 128). Thus, the Court declines to find that these costs claimed were unnecessary or unreasonable merely because the witnesses were Defendant's employees.

3. Exhibits

Plaintiff claims that the exhibit costs for two of the deposition transcripts should not be awarded because they were already in Defendant's possession and equally in the possession of each party. Specifically, Plaintiff objects to the allowance of $122.50 for the cost of exhibits from the April 26, 2021 Deposition of Laura Virginia Perez Santos (Doc. 130-1, p. 4) and $37.25 for the cost of exhibits from the May 19, 2021 Deposition of Dr. Porcia Bradford Love (Doc. 130-1, p. 6). Where an employer already has possession of the exhibits, the costs of transcribing the deposition exhibits will not be awarded. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998); *Moultrie,* 2014 WL 87830, at *2. The Court observes that Ms. Perez Santos was an employee of Defendant. Moreover, Defendant did not attach or use the exhibits from Ms. Santos' deposition in support of its motion for summary Judgment (*See* Doc. 100-8). Defendant did not respond to Plaintiff's specific challenge to the costs of these exhibits or refute Plaintiff's allegations that these exhibits were in its possession. Accordingly, the Court will deduct the **$122.50** exhibits fees from the deposition of Ms. Perez Santos.

However, Dr. Love was Plaintiff's retained expert and not an employee of Defendant. Moreover, Defendant used at least two of these deposition exhibits in support of its motion for summary judgment (*See* Doc. 100-2). Thus, the Court will allow the exhibits costs from Dr. Love's deposition.

4. Word Index, E-Transcripts, and Postage

Plaintiff also asserts that the cost of e-transcripts, word indexes, and postage should be disallowed because they are obtained only for the convince of the attorney

(Doc. 132, at pp. 4-6). Plaintiff's arguments concerning e-transcripts and word indexes are underdeveloped. *See Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 860 (7th Cir. 2017) (citing *Vaughn v. King,* 167 F.3d 347, 354 (7th Cir. 1999) ("It is not the responsibility of this court to make arguments for the parties.")). Indeed, Plaintiff does not point to any specific charge that should be disallowed (*See* Doc. 132, p. 5) ("*If* Defendant claims part of the transcript charges are for word indexes, such claim is also objectionable") (emphasis added). This, the Court declines to disallow the costs on this basis. However, the Court agrees that the shipping fee should be disallowed as not authorized by statute. *Moultrie*, 2014 WL 87830, at *3 (shipping and courier fees are not authorized by statute). Accordingly, the **$5.00** shipping fee charged in the invoice for the transcript of Dr. Love (Doc. 130-1, p. 6) is disallowed.

## Conclusion

For the above stated reasons, the Court deducts a total of **$127.50**, for a final award of **$1,102.58.** Defendant's Bill of Costs (Doc. 130) is therefore **GRANTED, in part, and DENIED, in part**. The Clerk of Court is DIRECTED to tax costs against Plaintiff in the amount of **$1,102.58**.

**SO ORDERED.**

Dated: October 3, 2022

DAVID W. DUGAN
United States District Judge